**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**TINA JANE BURTTRAM,**

    **Plaintiff,**

**v.**                                                                                          **Case No: 5:13-cv-23-Oc-PRL**

**COMMISSIONER OF SOCIAL
SECURITY**

    **Defendant.**

## ORDER

This matter is before the Court on Plaintiff's Complaint, (Doc. 1), seeking review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for disability insurance benefits under the Social Security Act. On December 4, 2013, the Court heard oral argument.

Having considered the memoranda of the parties, (Docs. 14 & 15), and having heard oral argument, the Court concludes for the reasons set forth in the attached Findings, which are incorporated by reference, that the decision of the Administrative Law Judge should be REVERSED AND REMANDED. Accordingly, pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision in this case is **REVERSED,** and this case is **REMANDED.**

    **DONE** and **ORDERED** in Ocala, Florida on December 9, 2013.

- 2 -

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

```
 1              IN THE UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF FLORIDA
 2                        OCALA DIVISION

 3              Case No. 5:13-cv-23-Oc-PRL

 4                     December 4, 2013
                   10:00 a.m. - 11:36 a.m.
 5                      Ocala, Florida

 6
    TINA JANE BURTTRAM,
 7
                       Plaintiff,
 8
    vs.
 9
    COMMISSIONER OF SOCIAL SECURITY,
10
                       Defendant.
11
    _____/
12

13

14         EXCERPTED TRANSCRIPT OF ORAL ARGUMENTS
           BEFORE THE HONORABLE PHILIP R. LAMMENS,
15              UNITED STATES MAGISTRATE JUDGE

16

17  Appearances of Counsel:

18       For the Plaintiff:    Ms. Sarah P. Fay

19       For the Defendant:    Mr. John F. Rudy
                               (Appearing Telephonically)
20

21

22

23

24  Reported by:       Kelly Owen McCall, Freelance Reporter

25
```

OWEN & ASSOCIATES
P. O. BOX 157, OCALA, FLORIDA 34478
352.624.2258 * owenassocs@aol.com

1   December 4, 2013                                        10:00 a.m.

2                              *   *   *

3           THE COURT:  Thank you all for your patience.  I

4   have reviewed and considered the record in this case,

5   including the briefs of the Plaintiff and the Commissioner;

6   the transcript of the hearing held before the Administrative

7   Law Judge; the written opinion of the Administrative Law

8   Judge and those records cited, in particular, by the

9   parties; also, the cases cited by the parties.

10          And I'll note here that, during the course of this

11  hearing, we have had a lengthy discussion about the

12  application of the case law to the Plaintiff's argument that

13  the Appeals Council's failure to give a written explanation

14  of its denial of review is, in and of itself, erroneous.

15          In considering some of the opinions referenced,

16  such as Flowers versus Commissioner of Social Security, 441

17  Fed. Appx. 735, a 2011 11th Circuit opinion cited by the

18  Plaintiff to support her argument, versus the opinions of

19  the Government, for example, Mansfield versus Astrue at 395

20  Fed. Appendix 528, 11th Circuit opinion from 2010, and the

21  opinion I find persuasive, that is Burgin, B-u-r-g-i-n,

22  versus Commissioner of Social Security, 420 Fed. Appendix

23  901, a March 30th, 2011 opinion, I believe that, as set

24  forth in Burgin, where the Claimant presents new evidence to

25  the Appeals Council and it denies review, the Court must

1   determine whether that new evidence renders the denial of
2   benefits erroneous and that the Appeals Council is not
3   necessarily required to explain its denial of review,
4   according to the Burgin opinion.
5           However, Burgin does say that the Court must
6   conduct a review and take into consideration the new
7   evidence when doing so and determine whether or not the
8   Appeals Council decision was erroneous.
9           There is a Northern District of Florida case,
10  Hudson versus Colvin, C-o-l-v-i-n, Hudson versus Colvin,
11  cited as 2013 WL 5522743 from October 3rd, 2013, that agrees
12  with the Burgin decision, but then goes on to evaluate the
13  new evidence.
14          In evaluating whether or not the Appeals Council's
15  rejection of new evidence was erroneous, the Hudson court
16  seems to apply a standard consistent with Hyde versus Bowen.
17          (Conference call interruption.)
18          THE COURT:  As I was saying, Hudson seems to apply
19  Hyde versus Bowen, which is an 11th Circuit opinion, 832
20  Fed. 2d 456, an 11th Circuit opinion from 1987.
21          And what Hudson says is, in reviewing the Appeals
22  Council's rejection of the new evidence and determining
23  whether or not it was erroneous, it looks to see whether
24  there is a reasonable possibility that the new evidence
25  would change the ALJ's decision.  That is to say, is there a

1  reasonable possibility that the administrative outcome would
2  be changed by the new evidence.
3         Courts have said that new evidence is material and
4  warrants remand where there is a reasonable possibility that
5  the new evidence would change the administrative outcome.
6  So I think the question for me is:  Was it erroneous of the
7  Appeals Council to not grant the Plaintiff's request for
8  review, and, therefore, in effect, determine that the new
9  evidence was or is insufficient to create a reasonable
10 possibility that it would change the administrative outcome?
11        And I think that it was erroneous of the Appeals
12 Council to determine effectively that the new evidence did
13 not create a reasonable possibility that it would change the
14 administrative outcome, because there is no dispute that the
15 Plaintiff has osteoarthritis in both of her knees and the
16 opinion of Dr. Perez, 470 to 472, provides much greater
17 limitations than the RFC allows.
18        As I said earlier on the record, in terms of what
19 the Plaintiff can lift, the RFC provides for -- and this is
20 despite a severe impairment of osteoarthritis in both of her
21 knees -- pushing and pulling 50 pounds occasionally and
22 25 pounds frequently, where Dr. Perez's opinion says,
23 essentially, the weight she can move is less than 10 pounds
24 in any way.
25        The RFC accounts for frequent balancing and

1   climbing of ramps, occasionally stooping, crouching and
2   crawling, all things that Dr. Perez says the Plaintiff
3   cannot do, and says that she cannot do, at page 471 of the
4   transcript, because of her bilateral osteoarthritis in her
5   knees.
6          Now, granted, Dr. Perez doesn't say much more than
7   that in this particular form, but the Plaintiff notes
8   correctly that a physical exam, at 474 of the record,
9   provides for some support for Dr. Perez's limitations,
10  including decreased range of motion, bilaterally, in her
11  knees because of her osteoarthritis.
12         And whether or not all that changes the outcome, I
13  cannot say, but I do think there is a possibility that it
14  does, at least a possibility that it changes the RFC, and,
15  therefore, I think it was erroneous for the Appeals Council
16  not to grant the Plaintiff's request for review.
17         I need not reach the other aspects of the appeal,
18  though I do think there would have been sufficient or rather
19  substantial evidence to support the ALJ's rejection of Dr.
20  Whitman's severe limitations.  But the Court need not make
21  any affirmative conclusion to that effect because I am
22  remanding on the more procedural issue; I'm sorry, not
23  procedural issue, but actual substantive issue that the
24  Appeals Council erred in denying the Plaintiff's request for
25  review.

1        I will then remand pursuant to Sentence 4,
2   reversing the Commissioner's decision and remanding under
3   Sentence 4 of 404(g) for additional proceedings consistent
4   with this Court's decision.
5        I will note the standard language, that if
6   Plaintiff ultimately prevails on this case on remand, then
7   any motion for attorneys' fees must be filed within 30 days
8   after his lawyer or her lawyer receives a letter from the
9   Commissioner setting forth the amount of past due benefits
10  and the amount of the fees set aside for attorneys' fees.
11  Upon receipt of this letter from the Commissioner, counsel
12  for Plaintiff shall send or e-mail notice to the
13  Government's attorney, any OGC lawyer assigned to this case,
14  so that they can calendar the deadline.  And the Court will
15  include this in its order, which I have just done.
16       I think that sums it up.  Mr. Rudy, is there
17  anything else from the Government?
18       MR. RUDY:  No.  I just want to make it clear, Your
19  Honor, the Plaintiff made her argument in Section -- on her
20  first argument, and then you went straight into or back to
21  the Appeals Council issue, and I didn't have a chance to
22  make an argument.  I just want to make certain that it's
23  clear for the record that -- and I think you did this, but I
24  just didn't have a chance to make my argument.  I just don't
25  know if it's really necessary at this point.

1        But beyond that, no, Your Honor, I have nothing
2   else.
3        THE COURT:  Well, I thought that our conversation
4   about what the law was that should apply or shouldn't apply
5   with respect to the Appeals Council's failure to give a
6   written opinion was discussed with you.
7        MR. RUDY:  No, I'm sorry, Your Honor; not that.
8   I'm sorry.  I'm sorry for interrupting.  No, it was her
9   first argument about Dr. Whitman.  Her first argument -- I'm
10  sorry.  Let me rephrase that.
11       Her first argument in her brief was Dr. Whitman.
12  She started with her second argument, which was the Appeals
13  Council.
14       THE COURT:  Well, either way, I think the -- on
15  the issue of Dr. Whitman, I think the Government's brief
16  adequately addresses that argument and, like I say, I think
17  the Government would prevail on that, but --
18       MR. RUDY:  That's fine, Your Honor.  That's
19  perfect.  Thank you.
20       THE COURT:  All right.  But on the issue of
21  whether or not the Appeals Council erred, I think it did, as
22  I've said.  And I have tried to coherently set forth what I
23  think the standard is.  And perhaps you all will appeal and
24  then this issue can get sorted out more affirmatively.
25       MR. RUDY:  You did a fine job, Your Honor.

1      THE COURT: Is there anything else to take up from
2 Plaintiff?
3      MS. FAY: No, thank you, Your Honor.
4      THE COURT: Thank you. Have a good day.
5      (Thereupon, the proceedings in this case for this
6 date were concluded at 11:56 a.m.)
7                        -  -  -
8                    C E R T I F I C A T E
9      I, Kelly Owen McCall, RPR, FPR, Freelance
10 Stenographic Reporter, do hereby certify that the foregoing
   transcript is a true and correct computer-aided
11 transcription of my stenographic notes taken at the time and
   place indicated therein.
12   /s/ Kelly Owen McCall                December 4, 2013
13     Kelly Owen McCall                       Date
14
15
16
17
18
19
20
21
22
23
24
25